NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 27 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARSON CHONG,<br><br>  Petitioner-Appellant,<br><br>  v.<br><br>UNITED STATES OF AMERICA,<br><br>  Respondent-Appellee. | No.  19-56302<br><br>D.C. Nos.  2:19-cv-04028-ODW<br>  2:12-cr-01016-ODW-2<br><br>MEMORANDUM[*] |
| UNITED STATES OF AMERICA,<br><br>  Plaintiff-Appellee,<br><br>  v.<br><br>TAC TRAN, AKA Tran Tac, AKA Bruce<br>Tran, AKA Tack Tran, AKA Tak Tran, AKA<br>Tau Tran, AKA Ouc Wong,<br><br>  Defendant-Appellant. | No.  19-56303<br><br>D.C. Nos.  2:19-cv-04025-ODW<br>  2:12-cr-01016-ODW-1 |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted February 18, 2022
Pasadena, California

---

  * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before:  BRESS and BUMATAY, Circuit Judges, and LASNIK,[**] District Judge.

Federal prisoners Harson Chong and Tac Tran appeal the district court's denial of their 28 U.S.C. § 2255 motions, challenging their respective convictions and sentences for conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; possession with intent to distribute controlled substances in violation of 21 U.S.C. § 841(a)-(b); and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i).  Tran was also convicted of possession of a firearm and ammunition as a felon in violation of 18 U.S.C. § 922(g)(1).  The district court had jurisdiction pursuant to 28 U.S.C. § 2255, and we have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a).  We review a district court's denial of a § 2255 motion *de novo*.  *United States v. Rodrigues*, 347 F.3d 818, 823 (9th Cir. 2003).  We vacate and remand for further proceedings.

1.    Chong and Tran argue that they received ineffective assistance of counsel due to trial counsel's failure to move to suppress evidence from a 2012 search of Chong's home on the ground that police unlawfully entered the curtilage of the house by the garage.

The key facts surrounding the 2012 search that uncovered the evidence

---

[**]    The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

2

leading to appellants' convictions are as follows: the Los Angeles County Sheriff's Department (LASD) believed that Tran, a parolee at the time, resided at Chong's home and was involving in drug trafficking. Accordingly, the officers planned to execute a parole compliance check at the residence. Approaching the house, the LASD officers entered the driveway, which is situated directly in front of the house and attached garage. While in the driveway, one officer looked through the open garage door and observed appellant Tran, who, upon seeing the officer, tossed a baggie containing methamphetamine onto a table. Based on the baggie and $3,900 in cash observed during a subsequent protective sweep, officers obtained a warrant to search the house.

Chong and Tran's § 2255 motions claim they received ineffective assistance of counsel at trial because counsel failed to argue that the evidence uncovered in the search must be suppressed because the officer was in the curtilage of Chong's residence, in alleged violation of the Fourth Amendment, when he saw Tran toss the baggie. Tran also claims that his counsel was ineffective for failing to submit evidence to establish his standing to challenge the legality of the search of Chong's home.

To demonstrate ineffective assistance of counsel, the defendant must show that counsel's performance fell below an objective standard of reasonableness and that the conduct prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668,

3

687–88 (1984). To show prejudice from counsel's failure to litigate a Fourth Amendment claim, the defendant must demonstrate that the "claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence." *Kimmelman v. Morrison*, 477 U.S. 365, 375 (1986).

The strength of appellants' ineffective assistance of counsel claims turns in the first instance on whether the portion of the driveway upon which the officer stood when he saw Tran throw the baggie was curtilage. If an area is part of the curtilage, it is "part of the home itself for Fourth Amendment purposes." *Collins v. Virginia*, 138 S. Ct. 1663, 1670 (2018) (quoting *Florida v. Jardines*, 569 U.S. 1, 6 (2013)). Thus, when a law enforcement officer physically intrudes on the curtilage to gather evidence, a search within the meaning of the Fourth Amendment has occurred. *Jardines*, 569 U.S. at 6, 11. "Such conduct . . . is presumptively unreasonable absent a warrant." *Collins*, 138 S. Ct. at 1670.

In *Jardines*, the Supreme Court explained that the immediate vicinity of the home is curtilage. 569 U.S. at 6 (stating that the area "immediately surrounding and associated with the home" is "part of the home itself for Fourth Amendment purposes" (quoting *Oliver v. United States*, 466 U.S. 170, 180 (1984))). The Fourth Amendment's protections "would be of little practical value if the State's agents could stand in a home's porch or side garden and trawl for evidence with impunity"

4

or "enter a man's property to observe his repose from just outside the front window." *Id.* Thus, under *Jardines*, whether the officers intruded on the curtilage turns on how close the officers were to the home when they saw Tran toss the baggie. Whether trial counsel was ineffective in failing to raise this issue likewise turns on the strength of the curtilage argument under then-existing law. *See United States v. Fredman*, 390 F.3d 1153, 1156 (9th Cir. 2004) (holding that for an ineffective assistance claim, a § 2255 petitioner must demonstrate "that counsel 'made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment,'" and that the errors were prejudicial) (quoting *Strickland*, 466 U.S. at 687)).

Because the record is insufficiently developed on the curtilage issue, we vacate and remand so that the district court may conduct further proceedings, including any necessary evidentiary proceedings, to determine where the deputies were standing when they saw Tran with the baggie of methamphetamine. The district court should consider precisely how far from the house and garage the LASD officers were standing, particularly the officer who saw Tran throw the baggie, among any other inquiries that the court deems appropriate.

If, based on these inquiries, the district court concludes that the officers were within the curtilage, the court should then evaluate whether counsel's failure to raise this argument rose to the level of deficient performance. If appellants establish

5

deficient performance, appellants would then need to establish prejudice under *Strickland*. Appellants bear the burden of establishing both deficient performance and prejudice. *See Fredman*, 390 F.3d at 1156; *Premo v. Moore*, 562 U.S. 115, 132 (2011) ("There is a most substantial burden on the claimant to show ineffective assistance.").

2.     A § 2255 motion can be denied for lack of deficient performance or prejudice. In analyzing *Strickland* prejudice from trial counsel's alleged ineffectiveness in not pressing the curtilage argument, the district court should consider whether the exclusionary rule applied to the evidence obtained in the officers' search, or whether the good-faith exception to the exclusionary rule applied given the officers' original parole search justification. *See, e.g.*, *United States v. Lustig*, 830 F.3d 1075, 1077 (9th Cir. 2016) (When "binding appellate precedent at the time of the search[] . . . provide[s] a reasonable basis to believe the search[] w[as] constitutional, the good-faith exception to the exclusionary rule applies to the evidence obtained from th[e] search[]."). The district court may also consider whether the government already forfeited or waived the good faith argument.[1]

---

[1] Appellant Tran also claims that he suffered ineffective assistance based on counsel's failure to establish Tran's standing to challenge the search. The district court premised its rejection of this argument on the perceived infirmity of the appellants' curtilage argument, which we conclude requires additional factual evaluation for the reasons stated above. Although the parties now trade additional arguments on appeal as to why counsel's failure to raise the standing issue either

6

**VACATED AND REMANDED.**

---

was or was not independently ineffective, the district court has yet to address those arguments, which may require additional factual development. It may do so in connection with its further evaluation of the curtilage argument.